UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATISAH MICHAUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-1545 HEA |
| | ) |
| JACKSON COUNTY PROSECUTOR | ) |
| OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of the complaint filed by self-represented plaintiff Latisah Michaux. For the reasons explained below, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff brings this action against the Jackson County Prosecutor Office; Jackson County; Jackson County Detention; Jackson County Sherriff Department; Judge Charles H. McKenzie (16th Circuit Court of Jackson County); Audrey Elizabeth McCormick (Assistant Prosecutor), and Danielle Sediqzad (Assistant Prosecutor). ECF No. 1. The Complaint is not drafted on a Court-provided form and does not clearly articulate plaintiff's allegations; however, plaintiff appears to allege a civil rights action under 42 U.S.C. § 1983 and seeks damages in the amount of "two billion dollars." ECF No. 1 at 4.

Under 28 U.S.C. § 1391(b), a civil action of this type may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section,

any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Additionally, under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.

Here, plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does plaintiff allege that the defendants reside within this district. Jackson County, Missouri is in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(1). Defendants Jackson County, Jackson County Prosecutor's Office, Jackson County Detention, and Jackson County Sheriff's Department are located in the Western District. Defendant Judge McKenzie is a judicial officer located at the Jackson County Courthouse. Defendants Audrey Elizabeth McCormick and Danielle Sediqzad appear to hold positions as Assistant Prosecuting Attorneys for the Jackson County Prosecutor's Office. Additionally, in filing the instant complaint, plaintiff listed his address as a residence in Kansas City, Missouri, which is located in Jackson County and part of the Western District of Missouri. 28 U.S.C. § 105(b)(1).

None of the requirements of § 1391(b) are met by this district. Therefore, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri for all further proceedings.

-2-

Case 4:20-cv-00955-FJG   Document 2   Filed 11/17/20   Page 2 of 3

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. §§ 1404(a), 1406(a).

Dated this 17th day of November, 2020.

*[signature]*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE